**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

**JOANN PRESCIA**                                                                                   **CIVIL ACTION**

**VERSUS**

**OLD REPUBLIC INSURANCE COMPANY,**                                      **NO. 18-593-BAJ-EWD**
**ET AL.**

**NOTICE**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U.S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth herein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on December 6, 2018.

*/s/ Erin Wilder-Doomes*

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

JOANN PRESCIA                                                    CIVIL ACTION

VERSUS

OLD REPUBLIC INSURANCE COMPANY,                 NO. 18-593-BAJ-EWD
ET AL.

## REPORT AND RECOMMENDATION

Before the Court is a Motion to Remand[1] filed by Plaintiff, Joann Prescia ("Plaintiff"). The Motion to Remand is opposed by defendants, Old Republic Insurance Company ("Old Republic"), Moran Foods LLC ("Moran Foods"), and SuperValue Inc. ("Supervalu") (collectively, "Defendants").[2] For the following reasons, the undersigned **RECOMMENDS**[3] that the Motion to Remand[4] be **GRANTED**.

### I.  Background

On May 26, 2017, Plaintiff filed a Petition for Damages in the 19th Judicial District Court of Louisiana seeking damages for personal injuries allegedly stemming from a July 20, 2016 slip and fall.[5] On May 30, 2018, Defendants removed this action pursuant to 28 U.S.C § 1332 based on the assertion that the amount in controversy exceeds $75,000, exclusive of interest and costs, and the parties are completely diverse.[6] With respect to the amount in controversy, Defendants

---

[1] R. Doc. 4.

[2] R. Doc. 6.

[3] The Fifth Circuit has held that "a motion to remand is a dispositive matter on which a magistrate judge should enter a recommendation to the district court subject to de novo review." *Davidson v. Georgia-Pacific, LLC*, 819 F.3d 758, 765 (5th Cir. 2016).

[4] R. Doc. 8.

[5] R. Doc. 4-3, ¶ 3.

[6] R Doc. 1, ¶ 4. Per the Petition, Plaintiff alleges that she is domiciled in Louisiana. R. Doc. 1-1. Defendants allege in the Notice of Removal that Moran Foods "is a single-member limited liability company…," and that the "sole member" of Moran Foods is SAL Acquisition Corp., which is incorporated in Delaware with a principal place of business in Missouri. R. Doc. 1, ¶ 4. Defendants allege that Supervalu is "incorporated in the State of Delaware, and

1

allege that on May 1, 2018, they received "responses to Interrogatories and Requests for Production of Documents propounded by Defendants, which included voluminous medical records" which indicated, for the first time, that Plaintiff is claiming damages in excess of the jurisdictional threshold.[7] Defendants filed their Notice of Removal within 30 days of receiving these medical records.

On June 13, 2018, Plaintiff timely filed the instant Motion to Remand.[8] The sole issue raised in the Motion to Remand is whether Defendants' Notice of Removal was timely pursuant to 28 U.S.C. § 1446(c)(1). Plaintiff asserts that "[r]emand is appropriate because Defendants' removal of the action was more than one year after the commencement of the action, and Defendants have failed to establish that Plaintiff acted in bad faith to prevent removal prior to the conclusion of the one-year period allowed for removal of diversity actions."[9]

## II. Law and Analysis: **The Removal Was Not Timely and the Bad Faith Exception Does Not Apply**

"[T]he burden of establishing federal jurisdiction is placed upon the party seeking removal."[10] "This burden extends not only to demonstrating a jurisdictional basis for removal, but also necessary compliance with the procedural requirements of the removal statute."[11] "Because removal jurisdiction 'raises significant federalism concerns,' courts must construe removal statutes

---

its principal place of business and headquarters are in the State of Minnesota" and that Old Republic "is a foreign insurer incorporated in the State of Pennsylvania, and its principal place of business and headquarters are in the State of Pennsylvania." R. Doc. 1, ¶ 4.

[7] R. Doc. 1, ¶¶ 6-7.

[8] 28 U.S.C. § 1447(c) ("A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a).").

[9] R. Doc. 4, ¶ 2.

[10] *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988).

[11] *Mendoza v. Old Republic Ins. Co.*, Civil Action No. 11-3040, 2012 WL 2049525, at * 4 (E.D. La. June 6, 2012) (citing *Acuna v. Brown & Root*, 200 F.3d 335, 339 (5th Cir. 2000)).

2

'narrowly, with doubts resolved in favor of remand to the state court.'"[12] "If there is any doubt that a right to removal exists, ambiguities are to be construed against removal."[13]

The time limits for filing a notice of removal, which are provided in the removal procedure rules of 28 U.S.C. § 1446, are as follows:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> …
>
> if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.[14]

Additionally, and significant to the instant Motion to Remand, 28 U.S.C. § 1446(c)(1) provides that "[a] case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action."

Here, no party asserts that Defendants were required to remove this action within 30 days of receipt of the initial pleading.[15] Instead, Defendants argue that their removal was timely

---

[12] *Id.* (internal citations omitted).

[13] *Id.* (citing *Transitional Hosps. Corp. of La., Inc. v. Am. Postal Workers Union Health Plan*, Civil Action No. 09-6245, 2010 WL 187388, at *2 (E.D. La. Jan. 13, 2010) (citing *Acuna*, 200 F.3d at 335)).

[14] 28 U.S.C. § 1446(b)(1) & (b)(3).

[15] With respect to the 30-day period from the defendant's receipt of the initial pleading, the Fifth Circuit has provided a bright line rule that "the thirty-day removal period under the first paragraph is triggered only where the initial pleading '*affirmatively reveals on its face* that the plaintiff is seeking damages in excess of the minimum jurisdictional amount of the federal court.'" *Mumfrey v. Powermatic, Inc.*, 719 F.3d 392, 400 (5th Cir. 2013) (quoting *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 163 (5th Cir. 1992) (emphasis added by *Mumfrey*)). If a plaintiff wants the 30-day period in § 1446(b)(1) to run from the defendant's receipt of the initial pleading, a plaintiff should place in that

3

pursuant to § 1446(b)(3), which requires removal to occur 30 days from receipt "of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."[16] Plaintiff does not challenge the Defendants' assertion that the medical records received by Defendants on May 1, 2018 made this suit removable.[17] Instead, Plaintiff argues that the removal was untimely because it occurred more than one year after commencement of this action and because Defendants have failed to establish that Plaintiff acted in bad faith in order to prevent removal.

"Under both Louisiana and federal law, an action 'commences' when it is filed."[18] Here, Plaintiff filed her Petition on May 26, 2017.[19] Under the plain terms of the statute, removal under subsection (b)(3) – the section Defendants contend applies – must occur within one year of May 26, 2017. Because May 26, 2017 was a Saturday, the one-year period set out in § 1446(c)(1) expired on Monday, May 28, 2018.[20] Defendants' Notice of Removal was filed on May 30, 2018,

---

pleading "a specific allegation that damages are in excess of the federal jurisdictional amount." *Chapman*, 969 F.2d at 163. The initial pleading in this action does not contain a specific allegation that damages are in excess of the federal jurisdictional amount. Accordingly, the 30-day period for removing the action set out in § 1446(b)(1) was not triggered by service of the initial pleading.

[16] The Fifth Circuit has held that the 30-day removal period provided in § 1446(b)(3) is triggered only where jurisdiction is "unequivocally clear and certain" from the document. *See*, *Bosky v. Kroger Texas, LP*, 288 F.3d 208, 211 (5th Cir. 2002) ("information supporting removal in a copy of an amended pleading, motion, order or other paper must be 'unequivocally clear and certain' to start the time limit running for a notice of removal under the second paragraph of section 1446(b).").

[17] Because the removal was not timely pursuant to 28 U.S.C. § 1446(c)(1), it is not necessary for the Court to determine whether the 30-day deadline set out in § 1446(b)(3) was triggered. *See*, *e.g.*, *Rantz v. Shield Coat, Inc.*, 2017 WL 3188415, at * 4 (E.D. La. July 26, 2017) ("even assuming that the Court possesses jurisdiction pursuant to § 1332 and Travelers qualifies for the 'other paper' exception, its removal must still be timely in one additional respect. Section 1446(c)(1) provides that '[a] case may not be removed under [the 'other paper' exception] on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action.'").

[18] *New York Life Ins. Co. v. Deshotel*, 142 F.3d 873, 885 (5th Cir. 1998).

[19] R. Doc. 1-1.

[20] FRCP 6(a)(1)(C).

4

after the expiration of the one-year period.[21]  Accordingly, unless the court finds that Plaintiff acted in bad faith to prevent removal, the removal was untimely and this suit must be remanded.[22]

The burden of showing that the non-removing party acted in bad faith to prevent removal lies with the removing party.[23]  Although, as noted by one district court, "'[c]ourts have not settled on a clear standard for determining bad faith' in the § 1446(c)(1) context," generally courts focus on whether a plaintiff's conduct "illustrates manipulation of the removal statute."[24]  This Court and others have found that the bad faith exception to the one-year removal deadline is a codification of the equitable exception for untimely removals set forth in *Tedford v. Warner-Lamber Co.*,[25] wherein the Fifth Circuit explained that "[w]here a plaintiff has attempted to manipulate the statutory rules for determining federal removal jurisdiction, thereby preventing the defendant from exercising its rights, equity may require that the one-year limit in § 1446(b) be

---

[21] R. Doc. 1.

[22] *Day v. Western World Ins. Co.,* No. 14-348, 2014 WL 4373301, at *6 (M.D. La. Sept. 3, 2014) ("The removal was more than one year after the commencement of the action in state court.  Everest National and National Liability have not established that the plaintiffs acted in bad faith to prevent the defendants from timely removing the case.  Therefore, the plaintiffs' Motion to Remand should be granted.").

[23] *Rantz*, 2017 WL 3188415, at * 5 (citing *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995); *Sid Richardson Carbon & Gasoline Co. v. Interenergy Res., Ltd.*, 99 F.3d 746, 751 (5th Cir. 1996)).  *See also*, *Fruge v. Burlington Resources Oil & Gas Co. LP*, Civil Action No. 2:14-cv-2382, 2015 WL 4134992, at * 2 (W.D. La. July 7, 2015) ("The removing party bears the burden of establishing the propriety of removal when faced with a motion to remand."); *Klotz v. La. Citizens Prop. Ins. Corp.*, Civil Action No. 17-3776, 2017 WL 5899248, at * 9 (E.D. La. Nov. 30, 2017) ("Defendant fails to meet its burden to show that Plaintiff acted in bad faith to prevent the removal of the action.  Since Defendant filed its notice of removal more than one year after the commencement of the action, and fails to prove that Plaintiff acted in bad faith, the Court grants Plaintiff's motion to remand.").

[24] *Rantz*, 2017 WL 3188415, at * 5 (quoting *Shorraw v. Bell*, No. 15-3998, 2016 WL 3586675, at * 5 (D.S.C. July 5, 2016)).

[25] 327 F.3d 423 (5th Cir. 2003).  *See also*, *Day*, 2014 WL 4373301, at *4 (explaining that "under circumstances which indicate that a plaintiff has attempted to manipulate the statutory rules for determining federal removal jurisdiction, thereby preventing the defendant form exercising its rights, equity may require that the one year limit be extended" and that "whether under *Tedford* or the statute, the legal standards to be applied are the same because the 2011 amendments to the federal jurisdiction statutes simply codified the long recognized jurisprudential equitable-tolling exception to the one-year deadline."); *Fruge v. Burlington Resources Oil & Gas Co LP*, Civil Action No. 2:14-cv-2382, 2015 WL 4134992, at * 2 (W.D. La. June 18, 2015) ("This is a codification of the principle set forth by the Fifth Circuit Court of Appeals in *Tedford*….Subsequent cases have noted that the plaintiff in *Tedford* engaged in 'manipulative and seemingly fraudulent' maneuvers to run the one-year limitations period.") (internal citations omitted).

5

extended."[26] As characterized by another court, "[c]onduct rises to the level of bad faith when a party makes a transparent attempt to avoid federal jurisdiction."[27] Pursuant to 28 U.S.C. § 1446(c)(3)(B), "[i]f the notice of removal is filed more than 1 year after commencement of the action and the district court finds that the plaintiff deliberately failed to disclose the actual amount in controversy to prevent removal, that finding shall be deemed bad faith…."

Here, Defendants do not argue that Plaintiff acted in bad faith by manipulating the statutory rules for determining removal jurisdiction. Instead, Defendants focus on Plaintiff's delay in producing the medical records. Defendants explain that they propounded discovery requests on Plaintiff on September 18, 2017 (a little less than four months after this action commenced). After not receiving any responses to those requests, Defendants sent correspondence to Plaintiff's attorney on January 31, 2018 and thereafter filed a Motion to Compel on March 2, 2018.[28] Following these efforts, "Plaintiff finally provided responses to the Interrogatories and Request for Production, which included voluminous medical records, and were received by Defendants on May 1, 2018."[29] "Defendants do not pretend to know the intention of Plaintiff's counsel with respect to the delay in providing information to Defendants regarding Plaintiff's injuries and damages that Defendants had already requested"[30] but assert that "[t]he result of the

---

[26] 327 F.3d at 428-429. In *Tedford*, the plaintiff had amended her complaint to add a non-diverse defendant within hours after learning of defendant's intent to remove "then signed and post-dated [a] Notice of Nonsuit [against the added defendant] prior to expiration of the one-year period, but did not file the document with the court or notify [the defendant which sought removal] until after the one-year anniversary of the filing of the complaint." *Id*. at 427.

[27] *Kidwai v. Fed.Nat'l Mortgage Ass'n*, No. 13-972, 2014 WL 252026, at * 2 (W.D. Tex. Jan. 22, 2014). *See also*, *Carey v. Allstate Ins. Co.*, Civil Action NO. 2:13-cv-2293, 2013 WL 5970487, at * 3 (W.D. La. Nov. 7, 2013) ("The court must make a case-by-case determination, based upon the conduct of the parties, as to whether there was a 'transparent attempt to avoid federal jurisdiction.'") (citing *Williams v. Mor-Tem Risk Mgmt. Servs. Inc.*, Civil Action NO. 6:11-cv-1408, 2012 WL 1014752, at * 5 (W.D. La. March 22, 2012)).

[28] R. Doc. 6, pp. 1-2.

[29] R. Doc. 6, p. 1.

[30] R. Doc. 6, p. 3.

6

delay…whether intentional or not, created a situation whereby removal…was one day beyond the one year date."[31]

Despite Plaintiff's delay in responding to Defendants' discovery requests, Defendants admit that they received Plaintiff's responses and documents more than three weeks prior to the one-year deadline. While Defendants characterize Plaintiff's document production as "voluminous," the medical records attached to the Notice of Removal total only approximately 307 pages, and, in any event, Defendants have not explained how they were able to file the Notice of Removal two days after the one-year deadline had expired but not before. Defendants also do not explain why the events leading up to the filing of their Motion to Compel spanned more than five months.[32] Defendants do not argue that Plaintiffs "deliberately failed to disclose" the information contained in the records produced on May 1, 2018 and instead candidly admit that they do not know the reason for Plaintiff's delay. Under these circumstances, the undersigned finds that Defendants have failed to meet their burden of overcoming § 1446(c)(1)'s bar against removal after the one-year anniversary of the case's commencement in state court.[33]

### III. Conclusion and Recommendation

The Notice of Removal was filed after the expiration of the one-year deadline set forth in 28 U.S.C. § 1446(b)(3) and Defendants have failed to establish that Plaintiff acted in bad faith to prevent removal. Accordingly, Defendants' removal was untimely.

---

[31] *Id*.

[32] Based on Defendants' timeline as set forth in their Opposition to the Motion to Remand, it appears there was a four-month delay between Defendants' issuance of the discovery requests and the initial call to discuss Plaintiff's late responses.

[33] *See*, *Rantz*, 2017 WL 3188415, at * 7 (finding that removing defendant failed to carry its burden of establishing bad faith exception to one-year deadline based on plaintiffs' failure to promptly respond to defendant's request for admission and noting that "Travelers cannot show that plaintiffs deliberately failed to disclose the amount in controversy because the amount in controversy *was* disclosed to Travelers within the one-year window.").

For the reasons set forth herein, the undersigned **RECOMMENDS** that the Motion to Remand[34] be **GRANTED**.

Signed in Baton Rouge, Louisiana, on December 6, 2018.

                                              **ERIN WILDER-DOOMES**
                                              **UNITED STATES MAGISTRATE JUDGE**

---

[34] R. Doc. 4.

8